# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS
No. 21-1947V
UNPUBLISHED

| | |
|---|---|
| DEAN HUTCHENS,<br><br>               Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>               Respondent. | Chief Special Master Corcoran<br><br>Filed: April 25, 2023<br><br>Special Processing Unit (SPU);<br>Ruling on Entitlement; Concession;<br>Table Injury; Influenza (Flu) Vaccine;<br>Guillain-Barre Syndrome (GBS) |

*Jeffrey S. Pop, Jeffrey S. Pop & Associates, Beverly Hills, CA,* for Petitioner.

*Felicia Langel, U.S. Department of Justice, Washington, DC,* for Respondent.

### RULING ON ENTITLEMENT[1]

On October 1, 2021, Dean Hutchens filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that he suffered a Table Injury – Guillain-Barré Syndrome ("GBS") – as the result of an influenza ("flu") vaccine administered to him on November 22, 2019. Petition at 1. Petitioner further alleges the vaccine was administered within the United States, that he suffered the residual effects of his injury for more than six months, and that there has been no prior award or settlement of a civil action on his behalf as a result of his injury. *See* Petition at ¶¶ 15, 51, 55. The case was assigned to the Special Processing Unit of the Office of Special Masters.

---

[1] Because this Ruling contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Ruling will be available to anyone with access to the internet**. In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

On April 21, 2023, Respondent filed an Amended Rule 4(c) Report in which he concedes that Petitioner is entitled to compensation in this case. Respondent's Amended Rule 4(c) Report at 2. Specifically, Respondent indicates that

> [m]edical personnel at DICP have reviewed the petition and medical records filed in this case. It is respondent's position that petitioner has satisfied the criteria set forth in the Table and the Qualifications and Aids to Interpretation for GBS, which afford him a presumption of vaccine causation if the onset occurs between three and forty-two days after a seasonal flu vaccination and there is no more likely alternative diagnosis and no apparent alternative cause.

*Id.* at 10 (citing 42 C.F.R. §§ 100.3(a)(XIV)(D), 100.3(c)(15)). Respondent further agrees that

> [w]ith respect to other statutory and jurisdictional issues, the record shows that this case was timely filed, the vaccine was received in the United States, and petitioner satisfies the severity requirement by suffering the residual effects of his injury for more than six months after vaccine administration.

*Id.* (citing §§ 300aa-11(c)(1)(B)(i)(I), -11(c)(1)(D)(i), -16(a)(2)).

**In view of Respondent's position and the evidence of record, I find that Petitioner is entitled to compensation.**

**IT IS SO ORDERED.**

<u>s/Brian H. Corcoran</u>
Brian H. Corcoran
Chief Special Master